IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**ROBERT PALMER**,

      Plaintiff,                                                               No. CV 09-1039-MO

      v.                                                                       OPINION AND ORDER

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**,

      Defendant.


**MOSMAN, J.**,

      Plaintiff Robert Palmer challenges the Commissioner's decision denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") disability benefits. This Court has jurisdiction under 42 U.S.C. § 405(g). I find that the administrative law judge ("ALJ") improperly dismissed some of Mr. Palmer's impairments, so I REVERSE the Commissioner's decision and REMAND for a discussion of the impairments discussed below.

**PROCEDURAL BACKGROUND**

      On May 24, 2004, Mr. Palmer filed for DIB and SSI under Titles II and XVI of the Social Security Act. AR 13.[1] These applications were denied initially on September 27, 2004, and upon reconsideration on December 14, 2004. AR 13. An ALJ held a hearing on January 29, 2007, and a subsequent hearing on July 10, 2007. *Id.* On September 25, 2007, the ALJ issued his decision denying Mr. Palmer's applications. AR 21. The Appeals Council denied review on

---

[1] Citations to "AR" refer to indicated pages in the official transcript of the administrative record filled with the Commissioner's Answer on February 10, 2010.

July 7, 2009, making the ALJ's decision the final decision of the Commissioner. AR 5. Mr. Palmer timely appealed to this Court on September 1, 2009.

## THE ALJ'S FINDINGS

The ALJ made his decision based upon the five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987); *see also* 20 C.F.R. §§ 404.1520, 416.920 (establishing the five-step evaluative process for DIB and SSI claims). At Step One the ALJ found that Mr. Palmer has not engaged in substantial gainful activity since the alleged onset date. AR 15. At Step Two the ALJ found that Mr. Palmer suffered from alcohol abuse, drug abuse in remission, personality disorder, affective disorder and cervical degenerative disc disease. AR 15.

At Step Three, the ALJ found that the combination of impairments does not meet or equal a disorder listed in the Commissioner's regulations. AR 16. The ALJ next evaluated Mr. Palmer's residual functioning capacity ("RFC"), finding that he could perform unskilled medium work in an environment with little contact with the public and few hazards. AR17–19. Based on this RFC, the ALJ found at Step Four that Mr. Palmer could not perform his past relevant work. AR 19. At Step Five the ALJ relied upon testimony from the vocational expert ("VE") to find that Mr. Palmer could work as a hand packager, small product assembler, motel cleaner or laundry worker, and that these jobs existed in significant numbers in the national economy. AR 20–21. Based on the Step Five finding, the ALJ denied benefits. AR 21.

## STANDARD OF REVIEW

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record.

42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882. Finally, "the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

## DISCUSSION

In his brief, Mr. Palmer argues that the ALJ made incomplete findings at Step Two, erred at Step Three, and devised an incomplete RFC which affected Step Five.

**I.     Step Two Findings**

Mr. Palmer argues the ALJ erred by failing to include several impairments in the Step Two analysis.  However, the ALJ resolved step two in Mr. Palmer's favor, finding his ability to work significantly limited by the combination of impairments. AR 15–16.  Any error in designating specific impairments severe at step two was harmless. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (holding that any error in omitting an impairment from the severe impairments identified at step two was harmless where step two was resolved in claimant's favor); *Lewis v.. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (failure to list an impairment as

severe at step two was harmless error where the ALJ considered the functional limitations posed by that impairment later in the decision).

I.      **Findings at Steps Three And Five**

Because Steps Three and Five both require evaluation of the relevant impairments, I discuss them together here.  Because I find the ALJ erred in discussing the relevant impairments, I do not address the arguments exclusive to Step Five.

Mr. Palmer makes two arguments that the ALJ erred at Step Three.  First, he argues that the ALJ did not consider Mr. Palmer's mental impairments together with his physical impairments.  At Step Three the ALJ must consider whether Mr. Palmer's impairments in combination meet or equal a listed impairment.  20 C.F.R. § 404.1526(a).  This includes considering the combination of mental and physical impairments. *See Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995).  While the ALJ gave a deeper analysis for the mental and physical impairments separately, he also considered them all in combination.  AR 16 ("I find that the claimant's physical and mental impairments, when considered individually or in combination, fail to meet or medically equal the Medical Listing criteria of impairments.").

Mr. Palmer next argues that the ALJ did not consider all of Mr. Palmer's impairments, so he could not have considered their combined effect.  The ALJ considered the following impairments: alcohol abuse, drug abuse in alleged remission, personality disorder not otherwise specified, affective disorder not otherwise specified, and cervical degenerative disc disease.  AR 15. Mr. Palmer argues that he also suffers from: "knee problems," degenerative joint disease of the hip, migraine headaches, tinnitus, herniated discs, degenerative disc disease of the back, and Chronic Obstructive Pulmonary Disease ("COPD").  Pl.'s Br. (#18) 4.

Mr. Palmer supports many of these impairments with his own testimony. He has not disputed the ALJ's finding that his statements are not credible, so the argument is waived. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009). Therefore, Mr. Palmer cannot rely solely on his own testimony to establish these impairments.

The ALJ adequately addressed Mr. Palmer's knee problems. AR 19. Mr. Palmer presents evidence from Dr. Garg diagnosing knee pain. AR 237. "[W]here the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons." *Lester*, 81 F.3d at 830 (internal quotations omitted). The ALJ pointed out that Mr. Palmer's statements to his doctor were contradicted by x-rays and subsequent work history. AR 19. Even assuming Dr. Garg's diagnosis was his own opinion rather than a repetition of Mr. Palmer's statements, the ALJ given clear and convincing reasons.

The ALJ did not meet his burden in evaluating Mr. Palmer's claim of COPD. Mr. Palmer established his COPD through x-rays evaluated by Dr. Stevens in 2003. AR 398. The ALJ did not provide reasons for discounting this evidence.

The only evidence supporting that Mr. Palmer has herniated discs is his own testimony at the hearing. AR 455. Other impairments are supported by treating physicians or nurse practitioners, but seem based solely on Mr. Palmer's self-reporting, including degenerative joint disease affecting his hip, AR 244; migraine headaches, AR 382; and tinnitus, AR 244. It is likely that these impairments may be disregarded because they are based solely upon Mr. Palmer's statements, which the ALJ found not credible. *See Brawner v. Sec. of Health & Human Serv's*, 839 F.2d 432, 434 (9th Cir.1988). I remand so that the ALJ may address these impairments and to address Mr. Palmer's COPD impairment. *See Lester*, 81 F.3d at 829.

## CONCLUSION

I REVERSE the Commissioner's decision and REMAND to the ALJ to evaluate the impairments discussed above.

IT IS SO ORDERED.

DATED this  28th  day of January, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court
